## Lowande *v.* García et al.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 110.—Resuelto en mayo 3, 1907.

JURISDICCIÓN—VALOR DE LA COSA RECLAMADA—USO DE LA MISMA.—Si el valor de la cosa reclamada no estuviere comprendido dentro de la cuantía necesaria para dar jurisdicción á la corte, ésta carece de ella, sin que pueda ser eficaz la alegación de que sólo se reclama *el uso* de esa cosa, y que el *valor de tal uso* está comprendido dentro de la cuantía jurisdiccional, pues no es posible presumir que *el valor del uso de una cosa sea superior al valor de la cosa misma.*

ID.—CORTES MUNICIPALES—CORTES DE DISTRITO.—La jurisdicción de las cortes municipales, en todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, comprendiendo intereses, *es exclusiva,* y no puede afirmarse que en estos casos la jurisdicción de las cortes de distrito sea concurrente con la de las cortes municipales.

ID.—INJUNCTION.—El *injunction* no es una acción que pueda confundirse con la demanda misma y que irremisiblemente deba seguir la misma suerte que ésta; el *injunction* es un remedio extraordinario y urgente para prevenir un per-

juicio irreparable y como tal perjuicio puede resultar lo mismo en los asuntos de la competencia de las cortes municipales, que en aquellos que sean de la de las cortes de distrito, y como sólo éstas, y la Corte Suprema, tienen facultades para expedir mandamientos de *injunction,* es evidente que las cortes de distrito tienen competencia para expedir dichos mandamientos cualquiera que sea la cuantía de la cosa reclamada en la demanda.

PRUEBA CONTRADICTORIA—APRECIACIÓN DE LA CORTE INFERIOR—APELACIÓN.—En los casos de prueba contradictoria, la apreciación que de la misma hubiere hecho la corte inferior, debe ser aceptada por el tribunal de apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Guzmán Benítez.*

Abogado del apelado: *Sr. Díaz Navarro.*

EL JUEZ ASOCIADO SR. FIGUERAS emitió la opinión del tribunal.

En 22 de agosto de 1906 Tony Lowande, por medio del letrado Don José de Guzmán Benítez, presentó una demanda ante la Corte de Distrito de San Juan contra Manuel A. García y los Sres. Otero y Ca. alegando el demandante:

*Primero.* Cierto contrato celebrado con Manuel A. García por el cual se obligaron á facilitarse mútuamente ciertas películas, para exhibirlas en sus respectivos cinematógrafos, especialmente y con preferencia á otra la titulada "Casamiento del Rey de España."

*Segundo.* Que el demandante cumplió por su parte el compromiso establecido y no lo cumplió en toda su integridad el demandado Manuel A. García, toda vez que no le remitió con el fin indicado la película anteriormente nombrada, y por el contrario, se la envió á los Sres. Otero y Ca. para su exhibición, causándole esto grave perjuicio.

*Tercero.* Que estos señores, teniendo conocimiento del contrato celebrado con Manuel A. García, aceptaron esa película, anunciaron su exhibición y se proponían exbibirla en la noche del 22 de agosto de 1906, fecha de la demanda.

Con esos antecedentes, como esenciales, concluyó el demandante Tony Lowande, solicitando que se dictare sentencia condenando á Manuel A. García á entregarle la película titulada "Casamiento del Rey de España," para exhibirla en su cinematógrafo, con preferencia á los Sres. Otero y Ca. y á

todo otro empresario análogo, toda vez que indebida é ilegalmente se la entregó á dichos Sres. Otero y Ca., que al propio tiempo se ordene á éstos que se abstengan de exhibirla, porque sobre el uso de ella tiene el demandante derecho preferente y que se condenase á ambas partes demandadas al pago de las costas.

En la misma fecha citada y antes de ser citados los demandados, ó sea el 22 de agosto de 1906, Tony Lowande, fundado en la anterior demanda y en los graves perjuicios que se le causarían solicitó que, previa fianza, se expidiese una orden de *injunction* contra los Sres. Otero y Ca. y Manuel A. García para que, mientras dura este pleito y desde el momento en que se practicare el requerimiento, se abstuviesen de exhibir y de permitir que por otros se exhiba en el cinematógrafo de dichos demandados Otero y Ca. que funciona en San Juan, ni en ningún otro, la película titulada "Casamiento del Rey de España," que dichos señores tienen en esta fecha en su poder, según lo refiere y expresa la demanda, con las demás prevenciones del caso.

Se prestó una fianza y se expidió el mandamiento de *injunction*.

Los Sres. Otero y Ca., por medio del letrado Don Herminio Díaz Navarro, fundados en la propia demanda de Tony Lowande, en una declaración jurada y en la sección 10 de la Ley de 8 de marzo de 1906, solicitaron en 23 de agosto de dicho año, que se revocase, disolviese ó dejase sin efecto el *injunction* con costas á Lowande y con reserva de derechos para hacer efectivos en la fianza prestada los daños y perjuicios que les ha causado con su temerario proceder.

En la declaración jurada á que nos hemos referido, expresa Don Manuel Otero, como representante de los Sres. Otero y Ca., que la película "Casamiento del Rey de España" la compraron los Sres. Otero y Ca. á Don Federico Vidal en 98 dollars, que es su justo valor, cuyo precio se lo entregaron al vendedor en el acto de la compra y que en ese momento ni el declarante, ni sus representados tenían conocimiento del con-

trato que se dice en la demanda celebrado entre Tony Lowande y Manuel A. García y que aunque lo hubieran sabido no hubieran tenido reparo alguno en comprarla, toda vez que no la adquirían ni adquirieron del Sr. García y sí del Sr. Vidal.

La corte de San Juan en 31 de agosto de 1906, tomando en consideración las alegaciones de las partes, las pruebas y los informes, resuelve que el demandante no tenía derecho al *injunction* que pidió y obtuvo contra los demandados y en su virtud lo declara disuelto, cesando la prohibición á Otero y Ca. y á Manuel García de exhibir en sus cinematógrafos ó en cualquiera otros, la película "Casamiento del Rey Alfonso XIII," ordenando, además, que el demandante pague las costas con reserva á los demandados de sus derechos en consecuencia de esta resolución y que se devuelva á los Sres. Otero y Ca. la película que en poder del secretario depositaron.

El demandante Tony Lowande pidió al juez que redactase la opinión que fundamentaba la anterior sentencia y en 16 de noviembre de 1906 la redactó consignando como razón primordial el hecho de que la película cuya entrega se reclama, no vale más de 98 dollars y por este motivo debía anularse la orden de *injunction,* porque no es este asunto de la competencia de la corte de distrito y sí de la corte municipal, y según la vigente ley sobre *injunctions* sólo pueden expedirlos la Corte Suprema y las de distrito para hacer efectiva su jurisdicción.

Contra la resolución disolviendo ó anulando el *injunction,* interpuso Tony Lowande recurso de apelación para ante esta Corte Suprema.

Aquí se ha presentado el récord con una exposición de hechos aprobada por el juez, y de ella resulta que declararon multitud de testigos, que se presentaron telegramas, cartas, recibo y un requerimiento notarial á Otero y Ca. para que se abstuvieran de exhibir la película "Casamiento del Rey de España."

El apelante presentó su alegato y los dos abogados ya citados informaron oralmente en el acto de la vista.

De modo, que en primer término, se presenta á nuestra consideración el punto siguiente:

¿Es admisible la razón que expone el Juez de la Corte de Distrito de San Juan como fundamento para anular ó disolver el *injunction* preliminar que libró, ó sea la falta de jurisdicción por la cuantía de la película, cuyo valor no excede de 98 dollars?

Hay que distinguir entre la demanda presentada y la solicitud de *injunction*.

Es indudable que el juez de la corte de distrito no tiene jurisdicción para conocer de la demanda en cuanto á Otero y Ca., por estar ya demostrado de modo que no deja lugar á dudas que se le reclama la entrega de cosa que no excede de 98 dollars, sin que sea eficaz la alegación de que sólo se reclama el uso de esa cosa, porque no podemos llegar á presumir que el valor del uso de una cosa sea superior al valor de la cosa misma.

La sección 4ª. de la ley para reorganizar el sistema judicial de Puerto Rico aprobada en 10 de marzo de 1904 dice:

"Que los jueces municipales tendrán jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive, etc."

La palabra "todos" empleada en la ley parece demostrar que cuando se trata de la cuantía que dicha ley señala, la jurisdicción originaria de las cortes municipales es exclusiva y, por consiguiente, no puede afirmarse en estos casos que la jurisdicción de las cortes de distrito sea concurrente con la de las cortes municipales.

El criterio unánime que sobre este punto han seguido las cortes de la Isla, los abogados y las partes que ejercitan sus derechos, revela de modo claro que esa y no otra es la interpretación racional del precepto citado.

Pero si pensamos para resolver este punto en nuestro derecho procesal histórico, tenemos que el artículo 714 de la antigua Ley de Enjuiciamiento Civil determinaba que los

jueces municipales eran los *únicos* competentes para conocer en juicio verbal de toda demanda, cuyo interés no excediese de 1,000 pesetas. Desde ese interés en adelante sólo podían conocer originariamente los jueces de primera instancia.

El artículo 54 de la misma ley limitaba la prorrogación de la jurisdicción civil á juez ó tribunal que por razón de la materia, de la cantidad objeto del pleito y de la jerarquía que tuvieran en el orden judicial, podían conocer del asunto que ante él se propusiese.

Vino luego la Orden General No. 118 de 15 de agosto de 1899 que organizó y reguló las funciones de los tribunales de justicia de la Isla.

En el artículo 26 determinó que los jueces municipales conocerían de toda cuestión entre partes, cuyo interés no excediese de 400 pesos oro americano.

En el artículo 47 dijo, toda cuestión civil entre partes, cuyo interés exceda de 400 pesos oro americano será tramitada y resuelta ante la corte de distrito respectiva.

Y en el artículo 49 previno que en estos casos la demanda se presentase ante la corte de distrito.

Luego aquí también se ve claro que nunca hubo jurisdicción originaria concurrente en las cortes de distrito para conocer con los jueces municipales de asuntos, cuya cuantía fuera inferior á 1,000 pesetas y á 400 pesos oro americano.

Creemos, repetimos, que hoy tampoco la tienen originaria las cortes de distrito para conocer con los jueces municipales de demandas en cantidad que no exceda de 500 dollars con sus intereses inclusive.

Dedúcese de todo esto que la Corte de Distrito de San Juan no tuvo competencia para conocer de la demanda de Tony Lowande, en cuanto á Otero y Ca.

¿Pero la tuvo para conocer del *injunction?* Indudablemente que sí.

¿Pudo disolverlo ó anularlo bajo el fundamento de no tener jurisdicción por la cuantía de la película? Indudablemente que no.

Luego, por ese solo fundamento no podría sostenerse la resolución apelada.

El *injunction* no es una acción que pueda confundirse con la demanda misma y que irremisiblemente deban seguir ambas la misma suerte.

El *injunction* es un remedio extraordinario y urgente para prevenir un perjuicio irreparable.

Ese perjuicio lo mismo puede venir en asunto de la competencia del juez municipal que en aquellos de la competencia de las cortes de distrito.

Pero como, según la ley aprobada en 8 de marzo de 1906, sección 2ª, sólo la Corte Suprema ó cualquier juez de la misma para hacer efectiva su jurisdicción y los jueces de las cortes de distrito en todos los casos en que tales mandamientos sean procedentes pueden librarlos, resultaría que con la limitación por la cuantía quedarían perjudicados todos aquéllos que sus demandas fueran de la competencia de los jueces municipales, porque éstos no están autorizados para librar los mandamientos de *injunction*. Esto sería un privilegio irritante para los que sus reclamaciones fueran de la competencia de las cortes de distrito. Esto no puede ser; donde hay un perjuicio debe haber el remedio del *injunction*, cualquiera que sea la cuantía de la cosa reclamada.

Los jueces de las cortes de distrito sólo deben fijarse, según la ley, en la procedencia ó improcedencia del remedio del *injunction* sin atender á la jurisdicción por la cuantía.

También se fundó el juez de la Corte de Distrito de San Juan para disolver ó anular el *injunction* preliminar, en que "la prueba demostró que si bien Otero y Ca. tenían algún conocimiento del contrato entre Lowande y Manuel A. García, no podía afirmarse que ellos sabían el contrato en toda su extensión, ni que conocían las cláusulas ó estipulaciones del mismo y especialmente el tiempo de su duración, para poder decir, en caso de que hubieran comprado tal película á Manuel García, que les constaba la vigencia del contrato y que á sabiendas trataba Otero y Ca. de perjudicar á Lowande,

confabulándose para esto con García. La prueba también demostró, dice el juez, que la película la compraron Otero y Ca. por medio de su representante en Cayey, á persona distinta de García, y que la trajo á San Juan un señor nombrado Vidal, que recibió el importe de Otero y Ca., y que firmó el recibo de venta. De modo que la película en cuestión no aparece comprada á Manuel A. García, sino á persona distinta,''

Y esto mismo resulta de la relación de hechos que en forma legal se ha presentado.

El abogado de la parte apelante afirmó en el acto de la vista que la prueba fué contradictoria, pero aún en este caso debe sostenerse la resolución del juez ante quien se desarrolló toda la prueba por ser el único que pudo penetrarse de la verdad dentro de la contradicción. Este es el criterio más sano que debe aceptarse por un tribunal de apelación y así se estableció en el caso de la *Sucesión de Iglesias* v. *Gorgonio de Bolívar y Alvarez*, fallado en 12 de diciembre de 1906, con la opinión del Juez Sr. Wolf.

De modo que sólo por las razones que de la prueba nacen, debe confirmarse la sentencia que en 31 de agosto de 1906 dictó la Corte de Distrito de San Juan, anulando ó disolviendo el *injunction* preliminar librado en este caso y deben imponerse las costas del recurso á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Wolf también concurrió expresando separadamente los fundamentos de su voto.

VOTO CONCURRENTE DEL JUEZ ASOCIADO SR. WOLF.

En el presente caso se presentó una demanda y después una solicitud interesando un *injunction*. Después de un examen de la ley organizando el sistema judicial de la Isla, así como la práctica que existía bajo el gobierno español y la organización militar, me he convencido de que la corte de dis-

trito no puede tener jurisdicción original en casos en que la suma en cuestión es menor de quinientos dollars. No sucede lo mismo en los casos en que un recurso como el *injunction* ó el *mandamus* ha sido especialmente puesto bajo la facultad de la corte de distrito. Tal jurisdicción no ha sido conferida á las cortes municipales siendo las cortes de distrito las más inferiores para conocer de una solicitud interesando un *injunction.* Cuando el objeto de la demanda es conseguir un auto de *injunction* puede la corte de distrito en un caso debido tener jurisdicción aún cuando la suma en cuestión fuera menor de $500. Pero no sucede lo mismo cuando el objeto principal de la demanda va dirigido á otro fin y el *injunction* es un mero incidente de la demanda y ha sido presentado separadamente de la demanda. En tal caso si la corte no tiene jurisdicción para conocer de la demanda principal el defecto de jurisdicción, se extiende á todos los incidentes de la misma. Un litigante puede facilmente evitar este impedimento, haciendo que el *injunction* sea el objeto de la demanda. Puesto que la corte inferior resolvió que no tenía jurisdicción y disolvió el *injunction,* y como estoy de acuerdo con la mayoría de la corte en la consideración que ha hecho de la prueba, estoy conforme con la sentencia.