## BRAS *v.* RIVERA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 125.—Resuelto en junio 7, 1907.

JURISDICCIÓN—NULIDAD DE CONTRATOS—INTERESES USURARIOS.—La corte municipal es la competente para conocer de una demanda que envuelva la nulidad de un contrato de préstamo por haberse estipulado intereses usurarios, cuando la cuantía del mismo y sus intereses, no excediere de quinientos dollars, sin que pueda alegarse que en estos casos la jurisdicción de las cortes de distrito es concurrente con la de las cortes municipales, pues la jurisdicción de estas cortes es *exclusiva.*

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Feliú.*
Abogado del apelado: *Sr. de Diego.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

Como antecedentes de este recurso es conveniente insertar íntegra la opinión sentencia del juez de la Corte de Distrito de Mayagüez emitida en 23 de febrero del año actual y que dice así:

"El abogado Leopoldo Féliú, á nombre del demandante arriba expresado, ó sea Pedro J. Bras, presentó demanda ante esta corte contra el demandado José G. Rivera, en solicitud de que se dictase sentencia decretando la nulidad de un préstamo agrícola celebrado entre ambas partes litigantes y además interesó como remedio provisional en ayuda de dicha acción, que la corte dictara un auto de *injunction* preliminar contra dicho demandado, sus agentes y abogados ó cualquiera otra persona que lo represente ó actuare en su nombre con ó bajo su autorización, así como al marshal ó submarshal de la corte municipal de esta ciudad, prohibiéndoles que en manera ó modo alguno procedieran al cobro de dicho préstamo ó que procedieran al embargo ó subasta ó remate de dichos bienes sujetos al préstamo de referencia, mientras otra cosa no se ordenase por este tribunal. Tramitada en forma esta demanda, compareció el demandado por conducto de su abogado José de Diego, y alegó como excepción previa á dicha demanda, las siguientes. Primera: Que esta corte no tiene jurisdicción para conocer del asunto, por la materia ó cuantía de la acción, pues el importe del préstamo agrícola, cuya nulidad se reclama, no excede de quinientos dollars, y segunda que dos acciones han sido indebidamente acumuladas en la demanda, ó sea la acción sobre nulidad del préstamo y la dirigida al interdicto prohibitorio.

"Oídas en corte abierta dichas excepciones y discutidas ampliamente por los abogados representantes de las partes litigantes, el tribunal reservó su decision para una de sus próximas sesiones y en este día declara, que la ley está á favor de la parte demandada en cuanto á la primera de dichas excepciones alegadas, ó sea la de falta de jurisdicción de esta corte para conocer de la acción principal de nulidad del préstamo agrícola, por no exceder la cuantía del mismo de la suma de quinientos dollars, intereses inclusive, correspondiendo, por tanto, el conocimiento de la acción interpuesta á la corte municipal de esta ciudad, que es la única competenté para ello con arreglo á la sección cuarta de la ley para reorganizar el sistema judicial de Puerto Rico de fecha 10 de marzo de 1904, en relación con la ley

"para que los agricultores puedan contraer préstamos agrícolas con la garantía de predios y efectos agrícolas," aprobada el diez de marzo de 1904 y sus concordantes en este caso de aplicación ó sean la ley "sobre fijación del interés en toda clase de obligaciones," en su sección 4ª., artículo 362, de fecha primero de marzo de 1902 y la Ley de Enjuiciamiento Civil española, con las modificaciones introducidas por la Orden General número 118 de 1899, vigente en aquella fecha y que rigió hasta la publicación del nuevo Código de Enjuiciamiento Civil de fecha primero de julio de 1904, en la parte en que dichas dos últimas leyes regulan la competencia de los jueces municipales. La corte, por tanto, declara con lugar dicha excepción y se abstiene de seguir conociendo de la acción de nulidad interpuesta por carecer de jurisdicción, por razón de la cuantía de la cosa objeto de litigio."

La segunda excepción alegada también por el demandado sobre indebida acumulación de acciones, ó sea la acción sobre nulidad del préstamo y la dirigida al interdicto prohibitorio, fué denegada por la corte, pero contra esa resolución no se interpuso recurso alguno, así como tampoco contra la que concedió el *injunction* preliminar.

No tenemos, pues, para qué ocuparnos de resoluciones consentidas por el demandado.

Contra la sentencia dictada en 23 de febrero del año actual, á que nos hemos referido y por la que se declaró incompetente el juez de la Corte de Distrito de Mayagüez, por razón de la cuantía, que no excede de quinientos dollars, intereses inclusive, interpuso recurso de apelación el demandante Pedro J. Bras, y aquí ha comparecido presentando un alegato y un brief adicional.

En el alegato se sostiene por el apelante que la Corte de Distrito de Mayagüez es la competente para conocer de la demanda en este caso presentada.

Se funda en la ley aprobada en primero de marzo de 1902 que fija el interés en toda clase de obligaciones, toda vez que aquí se trata, dice, de la nulidad de un contrato por ser usurarios los intereses.

Esa ley citada anteriormente, á que se refiere el apelante, no fijó ó determinó cual fuese el tribunal que debía conocer,

de la nulidad de los contratos por intereses usurarios, sino que remitió todas las cuestiones, con ese motivo suscitadas, al tribunal de jurisdicción competente y como cuando dicha ley se aprobó coexistía con ella en el orden orgánico y procesal la Orden General número 118 de 15 de agosto de 1899 y ésta, en sus secciones 26 y 47, fijaba de modo claro en cuanto á la cuantía, la competencia de los jueces municipales y de las cortes de distrito, es indudable que aquella ley de 1902 se refirió á esos tribunales, según el interés del litigio que en cada caso se discutía.

En el mismo caso se encuentra la ley sobre la misma materia, aprobada en 12 de marzo de 1903, que se limitó á enmendar la sección primera de la de 1902.

Viene luego la ley aprobada en 14 de marzo de 1907, página 229, que enmendó la sección 4ª. y declaró que:

"Cualquier contrato en el cual se reserve, acepte ó asegure ó se convenga en reservar, aceptar ó asegurar, un tipo dè intereses mayor que el que se permite por esta ley, es completamente nulo en todos sus efectos en cuanto al interés; y el tribunal competente, en un juicio adecuado, podrá suspender el cobro de dicho interés y todo procedimiento para hacer cumplir dicho contrato será nulo en lo que se refiere al interés."

Como se vé esta ley tampoco precisa determinadamente cuál es el tribunal que debe declarar la nulidad á que se refiere y hay entonces en este caso que someterse á la ley reorganizando el sistema judicial de Puerto Rico, que prescribe en su sección 4ª. que los jueces municipales tienen la jurisdicción en todos los asuntos civiles que se promuevan en su distrito, que no excedan de quinientos dollars, intereses inclusive.

No debe perderse de vista que en este caso se trata de la nulidad de un contrato que no excede de esa suma y que el apelante, por medio de un *injunction* preliminar que en la misma demanda solicitó, obtuvo el remedio para suspender el cobro del préstamo que se supone nulo, y todo embargo, subasta ó remate de los bienes sujetos á dicho préstamo, y

conste que este remedio lo alcanzó de la misma corte que se declaró incompetente por razón de la cuantía para conocer en el fondo de la nulidad á que se refiere la demanda.

Creo que están resueltas todas las cuestiones tratadas en el alegato del apelante.

En su brief adicional sostiene que la jurisdicción de las cortes de distrito es concurrente con la de las cortes municipales, y cita en su apoyo resoluciones de diferentes tribunales de los Estados Unidos.

Pero nosotros tenemos aquí nuestro estatuto sobre la materia en cuestión que no consiente á nuestro juicio, esa concurrencia de jurisdicción en litigios, cuya cuantía no exceda de quinientos dollars, intereses inclusive. En estos casos la jurisdicción de los jueces municipales es exclusiva y á nuestro estatuto nos atenemos.

Esta misma cuestión se trató más ampliamente por esta Corte Suprema en el caso No. 110 de *Tony Lowande* v. *Otero y Ca.*, procedente de la Corte de Distrito de San Juan y fallado en 3 de mayo del corriente año y á la opinión allí emitida nos referimos para contestar en todas sus partes al brief adicional del apelante.

Por las razones expuestas, la sentencia de la Corte de Distrito de Mayagüez, dictada en 23 de febrero de 1907, debe confirmarse é imponerse las costas de este recurso al demandante y apelante Pedro J. Bras.

*Confirmada.*

Jueces concurrentes: Sr. Presidente Quiñones y Asociado Sr. Wolf.

Los Jueces Asociados Sres. Hernández y MacLeary no intervinieron en la resolución de este caso.