VALDIVIESO, APELANTE, *v.* RIVERA, APELADO.

Apelación procedente de la Corte de Distrito de Ponce.

No. 981.—Resuelto en junio 11, 1913.

JURISDICCIÓN DE LAS CORTES MUNICIPALES—PROCEDIMIENTO HIPOTECARIO.—Las Cortes Municipales de Puerto Rico carecen de jurisdicción para conocer del procedimiento sumario establecido por la ley hipotecaria y su reglamento, aunque la cuantía de la reclamación no exceda de $500.

PROCEDIMIENTO HIPOTECARIO—JURISDICCIÓN DE LOS JUZGADOS DE PRIMERA INSTANCIA.—De acuerdo con la Ley Hipotecaria y su reglamento, en relación con la Ley de Enjuiciamiento Civil antigua, los juzgados de primera instancia tenían jurisdicción exclusiva para conocer en primera instancia del procedimiento sumario hipotecario, cualquiera que fuera el montante de la hipoteca.

JURISDICCIÓN DE LAS CORTES DE DISTRITO—PROCEDIMIENTO HIPOTECARIO.—De acuerdo con la Orden General No. 118 de agosto 15, 1899, las cortes de distrito tenían jurisdicción exclusiva para conocer de procedimientos sumarios para el cobro de créditos hipotecarios.

ID.—PROCEDIMIENTO HIPOTECARIO—HIPOTECAS DE MENOS DE $500.—La sección 4 de la ley de marzo 10, 1904, para reorganizar el sistema judicial de esta Isla, no dió jurisdicción a las cortes municipales para conocer del procedimiento sumario para el cobro de créditos hipotecarios cuando la cuantía del mismo no exceda de $500, sino que dicha jurisdicción continúa siendo exclusiva de las cortes de distrito, aun cuando la hipoteca sea de menos de $500.

JURISDICCIÓN DE LAS CORTES MUNICIPALES—ASUNTOS CIVILES—PROCEDIMIENTOS ESPECIALES.—La cuantía de $500 fijada en la sección 4 de la ley de marzo 10, 1904, para reorganizar el sistema judicial de esta Isla, determina la jurisdicción de las cortes municipales para conocer de asuntos civiles en los procedimientos ordinarios a que se refiere el Código de Enjuiciamiento Civil, pero no es aplicable a los procedimientos que se regulan por leyes especiales, los que continúan vigentes de acuerdo con la ley de procedimientos legales especiales de marzo 9, 1905.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael Sánchez Montalvo.*

El apelado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Con fecha 4 de abril del corriente año Joaquín P. Valdivieso presentó escrito a la Corte de Distrito de Ponce, en el que después de alegar ser dueño de un crédito hipotecario por valor de 350 pesos provinciales, equivalentes a $210, con primera hipoteca sobre un predio rústico de 10½ cuerdas radicado en Pellejas, barrio del pueblo de Adjuntas, perteneciente, según el registro, a Jacinto Rivera Torres, cuyo crédito no había sido pagado en todo ni en parte y estaba por consiguiente sin cancelar, concluyó con la súplica de que en consonancia con los artículos 128 y siguientes de la Ley Hipotecaria y concordantes del reglamento para su ejecución se dictara una orden mandando requerir al deudor, si vive en el lugar donde radica la finca hipotecada o caso contrario al que se halle en posesión de la misma, con el fin de que lo ponga en conocimiento del dueño, para que en el término de 30 días a contar desde el requerimiento verifique el pago de la suma reclamada de $210 con apercibimiento de proceder a

la subasta o venta de la finca hipotecada si no se verificare el pago en el término indicado.

Al mencionado escrito recayó en 15 de abril citado, la siguiente resolución:

"No teniendo esta corte jurisdicción para conocer de este procedimiento por tratarse de una cuantía inferior a $500 y estar comprendido el asunto exclusivamente dentro de la jurisdicción de la Corte Municipal de Adjuntas, que es el lugar donde radican los bienes hipotecados, se deniega el auto de requerimiento de pago que se interesa."

Esa resolución está sometida hoy a nuestra consideración a virtud de recurso de apelación contra ella interpuesto por el demandante Valdivieso.

Admite la corte inferior en la opinión que fundamenta su resolución, que la jurisdicción en materia de ejecución de hipotecas por el procedimiento sumario, cualquiera que fuera la cuantía del crédito reclamado correspondía primeramente a los juzgados de 1ª. instancia y después a las cortes de distrito, pero que desde que comenzó a regir la Ley de Reorganización Judicial de marzo 10 de 1904, las cortes municipales tienen jurisdicción exclusiva en todos los asuntos civiles de sus distritos hasta la suma de $500 sin que tengan que someter todos los asuntos que ante ellas se ventilen a una determinada tramitación, sino que han de conformar la tramitación de cada asunto a la establecida por las leyes vigentes.

Opinamos que las Cortes Municipales de Puerto Rico carecen de jurisdicción para conocer del procedimiento sumario establecido por la Ley Hipotecaria y su reglamento, aunque la cuantía de la reclamación no exceda de $500.

El artículo 128 de la Ley Hipotecaria dispone que el escrito inicial del procedimiento sumario para el cobro de un crédito hipotecario se presente al juzgado o tribunal competente del lugar en que radiquen los bienes; y el artículo 170 del reglamento para la ejecución de dicha ley establece en su párrafo 3º. que será juez competente el del lugar en que radiquen todos los bienes hipotecados.

Ni la Ley Hipotecaria ni su reglamento admiten diferencias de cuantía para dar jurisdicción en el conocimiento del procedimiento hipotecario a los juzgados de 1ª. instancia o a los municipales, según que la cuantía fuera mayor o menor; pero si acudimos a la antigua Ley de Enjuiciamiento Civil en cumplimiento del artículo 168 del reglamento, preceptivo de que el procedimiento para el cobro del crédito hipotecario se ajustará a las disposiciones del artículo 128 y siguientes de la Ley Hipotecaria y a las de su reglamento, completadas en la forma que el mismo señala por las de la Ley de Enjuiciamiento Civil de Cuba, Puerto Rico o Filipinas, respectivamente, encontramos que la antigua Ley de Enjuiciamiento Civil prescribía en su artículo 714, que los jueces municipales son los únicos competentes para conocer en juicio verbal de toda demanda cuyo interés no exceda de 1,000 pesetas, aunque se funde en documento que tenga fuerza ejecutiva, y el artículo 1433, que sólo podrá despacharse ejecución por cantidad líquida en dinero efectivo que exceda de 1,000 pesetas.

De los artículos citados se desprende que sólo el juzgado de 1ª. instancia podía conocer de un juicio ejecutivo cuando éste procedía, y nunca un juzgado municipal.

Y si alguna duda pudiera haber sobre la doctrina que acabamos de establecer quedaría completamente desvanecida por los preceptos de los artículos 1473, 1475 y 1476 del mismo Código de Enjuiciamiento Civil ya citado, relativos al recurso de apelación para ante el tribunal superior, cuyo tribunal superior es, según se colige del artículo 1479, la audiencia, siendo por tanto el tribunal a quo el juzgado de 1ª. instancia, ante el cual, por consiguiente, había de tramitarse el juicio ejecutivo en el que se originara la apelación.

Además, los artículos 169 y 172 del reglamento para la ejecución de la Ley Hipotecaria estatuyen respectivamente, que el escrito iniciando el procedimiento sumario debe estar autorizado siempre con firma de letrado, y que para la subasta de los bienes hipotecados estarán de manifiesto en la escribanía los autos y demás títulos que el actor hubiera

creído conveniente aportar, de cuyo preceptos se desprende que la intervención de letrado era necesaria en dicho procedimiento, lo que no sucedía en los juicios seguidos ante los juzgados municipales, y que el procedimiento tenía que radicar en un juzgado en que hubiera escribanía, la que no existía en los juzgados municipales, sino en los de 1ª. instancia.

La orden general número 118 de agosto 15 de 1899 no estableció innovación alguna respecto a la jurisdicción de las cortes de distrito con relación a los juicios ejecutivos y procedimientos establecidos en la Ley Hipotecaria, según lo demuestran los artículos 69 y 71 de dicha orden general.

No abrigamos la menor duda y estamos, por tanto, conformes con la corte de Ponce en que los juzgados de 1ª. instancia, con arreglo a la antigua Ley de Enjuiciamiento Civil, y las cortes de distrito, con arreglo a la Orden General No. 118, eran las únicas competentes para conocer de procedimientos sumarios para el cobro de créditos hipotecarios.

Pero no podemos estar conformes con la corte inferior acerca de que las cortes municipales tengan jurisdicción para conocer de esos mismos procedimientos cuando la cuantía del crédito reclamado no exceda de $500, desde que comenzó a regir la ley de 10 de marzo de 1904 para reorganizar el sistema judicial de esta Isla y para otros fines.

La sección 4ª. de dicha ley dice así:

"A excepción de lo que se determina más adelante en la presente ley, el juez municipal creado por la presente ejercerá todas las funciones que actualmente corresponden a los jueces de paz y jueces municipales. Tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive. * * *."

Según dejamos establecido los jueces municipales no tenían jurisdicción antiguamente para conocer del procedimiento sumario sobre cobro de créditos hipotecarios, y en su virtud las actuales cortes municipales carecen también de esa

jurisdicción, estando ésta reservada a las cortes de distrito respectivas.

La cuantía de la reclamación servirá para fijar la competencia de las cortes municipales en los procedimientos ordinarios a que se refiere el Código de Enjuiciamiento Civil, pero no en los procedimientos que se regulan por leyes especiales como sucede con los procedimientos establecidos por la Ley Hipotecaria.

La ley sobre procedimientos legales especiales aprobada en marzo 9 de 1905 ordena en su último artículo que queden derogadas todas las leyes anteriores que la contradigan, pero seguirán vigentes los procedimientos especiales establecidos en el Código Civil, en la Ley Hipotecaria y su reglamento y en cualquiera otra ley en cuanto no esté previsto por ella.

Al resolver el caso de *Giménez et al* v. *Brenes,* 10 D. P. R., 128, dejamos establecido que el procedimiento especial para el cobro de créditos garantidos con hipoteca está todavía vigente en su parte inicial o sea hasta el requerimiento inclusive al deudor para el pago de la deuda y derogado en su parte que podría llamarse vía de apremio, es decir, en lo que se refiere a la venta de la propiedad gravada con la hipoteca, venta que debe sujetarse en un todo a lo dispuesto en la ley aprobada en 9 de marzo de 1905 que se refiere al modo de satisfacer las sentencias.

Si el procedimiento especial para el cobro de créditos hipotecarios está todavía vigente en su parte inicial, vigente, por tanto, tiene que estar la jurisdicción de las cortes de distrito para conocer de ese procedimiento.

Esta misma Corte Suprema al resolver el caso *Ex parte García,* 11 D. P. R., 533, en que la Corte de Distrito de Mayagüez se declaró incompetente por carecer de jurisdicción para expedir una orden, previa publicación de edictos al Registrador de la Propiedad de San Germán, con el fin de que procediera a extender en el registro la oportuna nota de quedar convertida en inscripción de dominio la de posesión de una finca cuyo valor excedía de $500,

fundándose dicha corte en el artículo 441 del reglamento para
la ejecución de la Ley Hipotecaria concordante con el 393
de dicha ley, que la parte estimaba derogados por la sección
4ª de la ley de 10 de marzo de 1904, dijo:

"Ciertamente que la sección 4ª. de la ley para reorganizar el sis-
tema judicial de Puerto Rico prescribe, que un juez municipal tendrá
jurisdicción en todos los asuntos civiles que se promuevan en su
distrito hasta la suma de $500, intereses inclusive;  *  *  *  pero
entendemos que semejante precepto debe contraerse a los asuntos
civiles de carácter ordinario sin que pueda estimarse como excepción
a la regla general con que principia aquella sección y que dice así:
'A excepción de lo que se determina más adelante en la presente ley,
el juez municipal creado por la presente ejercerá todas las funciones
que actualmente (o sea en la fecha de la ley, 10 de marzo de 1904),
corresponden a los jueces de paz y jueces municipales.' Si a los
jueces municipales correspondía en la fecha indicada la instrucción
de la información para convertir en inscripción de dominio la de
posesión de una finca, sea cual fuere su cuantía, según el artículo 441
del reglamento para la ejecución de la Ley Hipotecaria en relación
con el 393 de esa ley, es obvio que dicha jurisdicción les ha sido reco-
nocida por la sección 4ª. de la ley de 10 de marzo de 1904 y que
actualmente continúan careciendo de ella las cortes de distrito."

Y *a contrario sensu,* haciendo aplicación de dicha doctrina
al presente caso, opinamos que si a las cortes de distrito corres-
pondía en la fecha de la ley de que se deja hecho mérito el
conocimiento del procedimiento sumario para el cobro de cré-
ditos hipotecarios, sea cual fuere su cuantía, dicha jurisdic-
ción no ha sido reconocida a las cortes municipales por la
sección 4ª de la ley de 10 de marzo de 1904, cuando la cuantía
del crédito hipotecario no excede de $500, y por tanto conti-
núan careciendo de ella por ser privativa antes y ahora, de
las cortes de distrito.

Finalmente las cortes de distrito como cortes de jurisdic-
ción general tienen el conocimiento de todos los asuntos con
excepción de aquellos que expresamente se reserven a otras
cortes, y no encontramos precepto alguno expreso y termi-
nante que reserve a las cortes municipales el conocimiento

de las reclamaciones para el cobro de créditos hipotecarios cuya cuantía no exceda de $500. El artículo final de la Ley Hipotecaria, o sea el 413 de la misma, dispone que ninguno de sus artículos podrá ser derogado sino en virtud de otra ley especial. No existe ley alguna especial derogatoria que atribuya jurisdicción a las cortes municipales para conocer del procedimiento sumario en cobro de créditos hipotecarios cuando la cuantía sea inferior a $500, y en su virtud dicha jurisdicción continúa reservada a las cortes de distrito, que actualmente sustituyen a los antiguos juzgados de 1ª. instancia.

Por las razones expuestas es de revocarse la resolución apelada, debiendo el juez dictar la que proceda con arreglo a derecho.

*Revocada con instrucciones al tribunal inferior para que dicte la resolución que proceda con arreglo a derecho.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.