Sucesión Rivera et al., Demandantes y Apelantes, *v.* Sucesión Salas et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre reivindicación.

No. 2202.—Resuelto en junio 17, 1920.

Jurisdicción de las Cortes de Distrito—Reivindicación—Nulidad.—Versando como versa el pleito sobre reivindicación de una finca cuyo valor excede de quinientos dólares, la jurisdicción de la corte de distrito es evidente, sin que en nada afecte a esa jurisdicción el hecho de que la finca llegara a poder de la parte demandada a virtud de dos pleitos, la cuantía de cada uno de los cuales era inferior a quinientos dólares, y el de que se alegue la nulidad de lo actuado en dichos dos pleitos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. L. Mercader y E. Marín.
Abogado de los demandados: Sr. F. R. Flores.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Se trata en el presente caso de una demanda de reivindicación. Se sostiene que a virtud de ciertos pleitos iniciados

en la Corte Municipal de Utuado, se embargó y vendió una
finca rústica, cuyo valor excede de $500 según todas las tran-
sacciones realizadas en relación con la misma, perteneciente
a los demandantes. El hecho séptimo de la demanda dice
así:

"Que los embargos mencionados y los emplazamientos o citación
de los demandados, fueron practicados y diligenciados por Pedro de
Jesús Vega, sub-marshal de la corte de distrito, no habiéndose em-
plazado a los menores miembros de la sucesión de Pedro Rivera Mal-
donado, en forma legal alguna; ni tampoco fueron hechas partes
demandadas María Clara y Eufemia Rivera Sánchez, miembros de
dicha sucesión y condueñas de los bienes que se embargaban; y que
el marshal de la corte municipal de Utuado al efectuar la ejecución
de las sentencias recaídas ilegalmente en los procedimientos referi-
dos, no anunció el remate de los bienes mediante edictos o en cual-
quier otra forma en cuanto a la segunda acción por 461 dólares cin-
cuenta centavos, sino que procedió a vender y vendió los bienes
englobados, conjuntamente, en un solo acto o remate; y alegan los
demandantes, que los procedimientos aludidos desde su principio
hasta su fin, se verificaron sin tener la corte de Utuado jurisdic-
ción en la materia de la acción ni en forma alguna, en contraven-
ción a las leyes de procedimientos al caso aplicables."

Los demandados contestaron en debida forma. Sostuvie-
ron la validez de los procedimientos y de las transacciones
a virtud de los cuales llegó la finca finalmente a su posesión
que disfrutaban en concepto de dueños, quieta, no interrum-
pida y pacíficamente.

Fué el pleito a juicio. Se practicaron pruebas. Y la corte
de distrito dictó una sentencia que copiada a la letra, en lo
pertinente, dice así:

"En este momento después de haber declarado el Secretario de
la Corte Municipal de Utuado y vistas las alegaciones de la de-
manda y oída la prueba documental aportada por medio del Secre-
tario de la Corte Municipal de Utuado, referente a los dos pleitos
seguidos por Enrique Blanco Salas contra Sucesión de Pedro Ri·
vera Maldonado demandantes y demandados respectivamente, en am-
bas causas en cobro de $461.50 y $341 respectivamente, y siendo la
nulidad de las actuaciones de dichos pleitos lo que constituye la causa

de acción ejercitada, y atendiendo a que no pueden acumularse dos asuntos de cuantía inferior a la que pueda ·conocer esta corte y sobre los cuales y cada uno en particular tiene jurisdicción exclusiva la Corte Municipal de Utuado según la ley sobre reorganización judicial de 1904; la corte se declara sin jurisdicción para conocer de este caso.''

No conforme los demandantes apelaron para ante esta Corte Suprema. En tiempo presentaron su alegato. Los demandados y apelados no presentaron alegato ni comparecieron al acto de la vista del recurso.

A nuestro juicio el error de la corte sentenciadora es manifiesto. Se trata de la reivindicación de una finca cuyo valor excede de $500 ejercitada la acción contra las personas que están en posesión de la finca. El hecho de que la repetida finca llegara a poder de los demandados a virtud de dos pleitos seguidos contra los demandantes en cobro de pesos, la cuantía de cada uno de los cuales era inferior a $500, y el de que se alegue la nulidad de lo actuado en dichos pleitos, no es lo que determina la jurisdicción de la corte, sino la reivindicación de la finca. Aquí la nulidad no es la que produce la acción. De existir, el derecho de los demandantes al dominio de la finca es anterior e independiente de la nulidad de los procedimientos. Véase el caso de *Oliver et al.* v. *Oliver*, 23 D. P. R. 181–202, y los en él citados.

Debe revocarse la sentencia recurrida y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.

*Revocada la sentencia apelada, devolviendo*
*el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.