RAMÓN PUJALS CARLO, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

No. 661.—*Sometido:* Julio 15, 1929. *Resuelto:* Julio 26, 1929.

*P. Amadeo Rivera y A. Rivas,* abogados del peticionario; *M. Acosta Velarde,* abogado del demandado en la acción principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ramón Pujals Carlo demandó en la Corte Municipal de San Juan a .Francisco, Enrique, Georgina, Luis, Armando y Rosendo Vela y María Clemencia González en reivindicación de una faja de terreno de nueve metros cuadrados, parte de un solar de ciento cincuenta metros cuadrados. En la demanda se alega que la faja que se reivindica tiene un valor no menor de cien dollars. Contestaron los demandados. Fué el pleito a juicio y la corte dictó sentencia declarando la demanda sin lugar.

Apelado el pleito a la corte de distrito por el demandante, los demandados alegaron por vía de excepción previa que la corte municipal al dictar la sentencia recurrida había actuado sin jurisdicción porque las cortes municipales en esta Isla no la tienen para conocer de acciones reivindicatorias de bienes inmuebles, y no teniéndola la corte de primera instancia tampoco residía en la de distrito requerida para actuar como corte de apelación.

El juez de distrito declaró la excepción con lugar y dictó sentencia desestimando la demanda sin especial condena de costas. El demandante entonces inició este procedimiento de *certiorari* en el que se expidió el auto y se señaló una vista a la cual sólo concurrió la parte demandada en el pleito. La solicitud del demandante es amplia y contiene un estudio cuidadoso de los hechos y la ley. Está, pues, la corte en condiciones de decidir la cuestión envuelta que es de gran importancia en la práctica diaria de los tribunales de la Isla.

Las secciones 3 y 4 de la ley reorganizando el sistema judicial de Puerto Rico, de 1904, leen como sigue:

"Sección 3.—Los cargos de juez de paz y de secretario y escribiente de los juzgados de paz, y los cargos de jueces municipales y de secretarios y otros empleados de los juzgados municipales, tales como hoy existen, son por la presente abolidos, creándose por la presente el cargo de juez municipal, quien desempeñará los deberes y funciones que más adelante se determinan en esta Ley; y todos los procedimientos ante dichas cortes municipales deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito.

"Sección 4.—A excepción de lo que se determina más adelante en la presente Ley, el juez municipal creado por la presente ejercerá todas las funciones que actualmente corresponden a los jueces de paz y jueces municipales. Tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de 500 dollars, intereses inclusive; tendrá jurisdicción para conocer de todas las causas criminales excepto las denominadas *felony,* y en todos los casos de *felony* el juez municipal podrá actuar de juez instructor (*Committing Magistrate*) y podrá admitir prestación de fianza bajo las leyes actuales; . . ."

Es bien sabido que las cortes municipales son cortes de jurisdicción limitada. Así se ha resuelto repetidas veces por este tribunal. Los artículos 3 y 4 del Código de Enjuiciamiento Civil expresamente disponen que no son cortes de registro.

Eso no obstante, hay que reconocer que dada su historia y funcionamiento, son algo más que meros juzgados de paz. Como hemos visto, la propia ley dispone que todos los procedimientos ante ellas "deberán ser tramitados conforme a las reglas y procedimientos en práctica en las cortes de distrito." Están divididas por razón de la importancia de sus distritos en tres categorías, debiendo ser letrados los jueces correspondientes a las dos primeras, siendo la tendencia del departamento de justicia que se nombren jueces letrados siempre que sea posible para las de la última categoría.

¿Qué alcance tienen las palabras "en todos los asuntos

civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive?"

En el caso de *Colón Caballero* v. *Registrador,* 38 D.P.R. 653, 656, en que el juez de distrito basó la sentencia que estamos revisando, se dijo:

"Es de importancia aquí el concepto de 'limitada' que a la jurisdicción de las cortes municipales debe asignarse. La limitación de esa jurisdicción aparece del artículo o sección 4 de la ley relativa a las cortes municipales, cuya sección aparece bajo el número 1173 de la Compilación de 1911, página 265 del tomo. Por ella se da jurisdicción a las cortes municipales en los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive. Parece claro que esa jurisdicción se confiere por y para cantidades o sumas en dinero, ya que se habla de intereses, y el concepto de intereses no puede referirse a otra clase de bienes que al dinero, único que los produce."

No hay duda alguna que el lenguaje usado por esta corte restringe los límites de la jurisdicción de las cortes municipales a reclamaciones sobre cantidades o sumas de dinero. Sin embargo, parece que la atención de la corte estuvo fija en los hechos del caso decidido, entre los cuales estaba el de no haberse acreditado si entre los componentes de la sucesión Vélez a quienes se ordenaba el otorgamiento de la escritura había menores de edad, circunstancia que hacía aplicable la jurisprudencia establecida por esta corte en *García* v. *Registrador de Guayama,* 23 D.P.R. 426, copiando del resumen, así:

"Se estableció una demanda en una corte municipal solicitando que se ordenara a un menor el otorgamiento de la escritura de venta de un bien inmueble vendido en vida por su padre, sin llegar a recibir el precio de la venta que sólo ascendía a $100. *Se resolvió:* Que la corte municipal no tenía jurisdicción por razón de la materia para conocer de dicho pleito."

Y de la opinión, como sigue:

"La materia en el caso de García Rivera que estamos considerando y resolviendo envolvía como ya hemos dicho la ratificación de la venta de un bien inmueble que se decía hecha en vida por el padre del me-

nor demandado. En su consecuencia la falta de jurisdicción de la corte municipal es manifiesta. Es la corte de distrito la que debe intervenir en un caso semejante, ya que el legislador decidió que uno de sus deberes fuera la alta inspección de la persona y bienes de los menores de edad.''

Parece conveniente recordar que la decisión en el caso de *García, supra,* se dictó con el disentimiento de los Jueces Presidente Hernández y Asociado Aldrey, y transcribir los párrafos de la opinión disidente emitida por dichos jueces, que dicen:

''No es necesario que la reclamación verse sobre cantidad en metálico cierta y determinada; basta que sea valuable o tasable el interés del pleito. Ferraioli v. El Registrador de Ponce, 21 D.P.R. 503; Sabathié y Pinace et al. v. El Registrador de Ponce, decidido en 16 de diciembre de 1915.

''Dicha jurisdicción no es concurrente con la de los jueces de distrito, sino exclusiva, como así lo hemos ya resuelto en los casos de Lowande v. García et al., 12 D.P.R. 302; Bras v. Rivera, 12 D.P.R. 395; González v. Pirazzi, 16 D.P.R. 7; Hernández Mena v. Blanco et al., 22 D.P.R. 773; y González v. Rozado, decidido en 23 de julio de 1915. Y también es propia, sin que bajo concepto alguno tengan necesidad los jueces municipales de recurrir a las cortes de distrito para completarla.''

Revisando nuestra jurisprudencia sólo otro asunto civil encontramos excluído de las palabras ''todos los asuntos civiles,'' usadas en la ley; el de la ejecución de una hipoteca. Por medio de su Juez Presidente Señor Hernández, en *Valdivieso* v. *Rivera,* 19 D.P.R. 702, resolvió esta corte, copiando del resumen:

''De acuerdo con la Ley Hipotecaria y su reglamento, en relación con la Ley de Enjuiciamiento Civil antigua, los juzgados de primera instancia tenían jurisdicción exclusiva para conocer en primera instancia del procedimiento sumario hipotecario, cualquiera que fuera el montante de la hipoteca.

''De acuerdo con la Orden General No. 118 de agosto 15, 1899, las cortes de distrito tenían jurisdicción exclusiva para conocer de procedimientos sumarios para el cobro de créditos hipotecarios.

''La sección 4 de la ley de marzo 10, 1904, para reorganizar el

sistema judicial de esta Isla, no dió jurisdicción a las cortes municipales para conocer del procedimiento sumario para el cobro de créditos hipotecarios cuando la cuantía del mismo no exceda de $500, sino que dicha jurisdicción continúa siendo exclusiva de las cortes de distrito, aun cuando la hipoteca sea de menos de $500.

"La cuantía de $500 fijada en la sección 4 de la ley de marzo 10, 1904, para reorganizar el sistema judicial de esta Isla, determina la jurisdicción de las cortes municipales para conocer de asuntos civiles en los procedimientos ordinarios a que se refiere el Código de Enjuiciamiento Civil, pero no es aplicable a los procedimientos que se regulan por leyes especiales, los que continúan vigentes de acuerdo con la ley de procedimientos legales especiales de marzo 9, 1905."

En las demás decisiones, la ley fué siempre interpretada con amplitud. Así, en *Lowande* v. *García,* 12 D.P.R. 302, se resolvió que:

"Si el valor de la cosa reclamada no estuviere comprendido dentro de la cuantía necesaria para dar jurisdicción a la corte, ésta carece de ella, sin que pueda ser eficaz la alegación de que sólo se reclama *el uso* de esa cosa, y que *el valor de tal uso* está comprendido dentro de la cuantía jurisdiccional, pues no es posible presumir que *el valor del uso de una cosa sea superior al valor de la cosa misma.*"

Como puede verse, el tribunal fué más allá de una reclamación de dinero y habló del valor de la cosa reclamada.

En los de *Poupart et at.* v. *Recurt et al.,* 25 D.P.R. 714, y *Sucesión Rivera* v. *Sucesión Salas,* 28 D.P.R. 624, en que se trataba de acciones reivindicatorias, la corte, copiando de los resúmenes, decidió:

En el primero, que:

"Teniendo las cortes municipales jurisdicción solamente hasta la suma de quinientos dólares, un demandante que litiga para recobrar propiedad real debe mostrar afirmativamente que el valor del terreno que trata de reivindicar no excede de dicha suma, sin que el mero hecho de que la finca fuese vendida en ejecución de sentencia a un único postor por una cantidad menor de quinientos dólares constituya prueba de su valor."

Y en el segundo, que:

"Versando como versa el pleito sobre reivindicación de una finca

cuyo valor excede de quinientos dólares, la jurisdicción de la corte de distrito es evidente, sin que en nada afecte a esa jurisdicción el hecho de que la finca llegara a poder de la parte demandada a virtud de dos pleitos, la cuantía de cada uno de los cuales era inferior a quinientos dólares, y el de que se alegue la nulidad de lo actuado en dichos dos pleitos.''

En el caso de *González* v. *Pirazzi*, 16 D.P.R. 7, en el que el asunto a decidir versaba sobre la propiedad de dos casitas, se resolvió que:

''Cuando la cuantía de lo reclamado en un procedimiento judicial civil no excede de quinientos dollars, la jurisdicción original corresponde a la corte municipal y la jurisdicción de apelación a la de distrito, y cuando la dicha cuantía excede de trescientos dollars, sin comprender frutos o intereses se puede apelar de la sentencia dictada en apelación por la corte de distrito, para ante el Tribunal Supremo:''

Existen otras decisiones en igual sentido y bien puede decirse que por un período de más de veinte años, la corte de modo invariable vino interpretando y aplicando la sección 4 de la ley reorganizadora del sistema judicial de Puerto Rico en el sentido de dar énfasis a las palabras ''todos los asuntos civiles,'' (*all civil matters*) para interpretar ampliamente las que le siguen ''hasta la suma de 500 dollars,'' (*to the amount of five hundred dollars,*) y así reconocer jurisdicción a las cortes municipales en todos los asuntos civiles en que la cuantía de la reclamación llegara hasta quinientos dólares o el interés envuelto fuera valuable o tasable y no excediera de dicha suma, con las excepciones indicadas. *García* v. *Registrador, supra,* y *Valdivieso* v. *Rivera, supra.* Sólo hace un año, en el caso de Colón Caballero, *supra,* se puso el énfasis en las palabras ''intereses inclusive'' y se restringió el alcance de las que le precedían, limitando así la jurisdicción de las cortes municipales a reclamaciones de dinero únicamente.

Sometida ahora la cuestión de nuevo a nuestro examen, con el pensamiento fijo en ella, creemos que debe prevalecer

la anterior jurisprudencia convertida en práctica constante por un largo período de tiempo y al amparo de la cual se han dictado seguramente cientos de sentencias resolviendo asuntos referentes a propiedad inmueble.

La ley admite claramente la interpretación más amplia. Cuando el legislador ha querido limitar la jurisdicción a reclamaciones de dinero, no ha usado el lenguaje de la sección 4, sino que ha dicho, por ejemplo, como en California: "En acciones que nazcan de contratos para recobrar dinero solamente, si la cantidad reclamada, intereses inclusive, no llega a trescientos dollars." Sección 112 del Código fijando la jurisdicción de las llamadas "Justices Courts," citada en el propio caso de Colón Caballero, *supra*. Y aquí mismo en Puerto Rico, cuando la Legislatura adoptó la ley No. 10 de 1921 estableciendo juicios especiales en las cortes municipales, dijo: "En todo caso civil sobre cobro de dinero que envuelva una suma no mayor de cien dólares...."

Por virtud de todo lo expuesto *debe anularse la sentencia dictada por la Corte de Distrito de San Juan el 4 de junio de 1929 y devolverse los autos reclamados a la misma para que continúe conociendo de ellos en apelación de acuerdo con la ley,* ya que la corte municipal actuó con jurisdicción por no exceder el valor de la cosa reclamada de quinientos dólares.

El Juez Asociado Señor Texidor, disintió.*