Ferraioli, Recurrente, v. El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce denegando la anotación preventiva de un mandamiento de anotación de demanda.

No. 198.—Resuelto en diciembre 11, 1914.

Calificación de Títulos—Facultades de los Registradores—Resoluciones Judiciales—Falta de Jurisdicción de la Corte.—De acuerdo con el artículo 18 de la Ley Hipotecaria, los registradores de la propiedad están facultados para calificar si las resoluciones judiciales que se les presentan para surtir efecto en el registro, han sido dictadas con la necesaria jurisdicción.

Jurisdicción de las Cortes Municipales—Asunto Civil—Cuantía Litigiosa.—De acuerdo con la sección 4 de la ley de marzo 10, 1904, página 95, reorganizando el sistema judicial, las cortes municipales únicamente tienen jurisdicción en materia civil para conocer de cuestiones cuya controversia sea suceptible de ser tasada y resuelta en dinero con tal que esa cantidad no exceda de $500 incluyendo los intereses y por tanto, una corte municipal no tiene jurisdicción para conocer de un pleito en que no se reclama cantidad alguna sino que se pide una sentencia que condene al demandado a tramitar una

declaratoria de herederos, y un mandamiento expedido por una corte municipal en una acción de esa naturaleza para que se anote la demanda en el registro de la propiedad, no es inscribible.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Francisco Jiménez* y *Leopoldo Tormes*.

El Registrador Sr. José Miguel Márquez no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En el Registro de la Propiedad de Ponce se presentó una certificación librada por el secretario de la corte municipal de dicha ciudad, según la cual en el pleito seguido por Blas Ferraioli y Florenzano contra Doña Seferina Estrada y Rosa, viuda de Grau sobre formalización de una declaratoria de herederos que interesa el demandante se promueva por la demandada para poder inscribir a su nombre el derecho que tiene por virtud de una fianza hipotecaria de $500 sobre la mitad proindivisa del solar y casa que posee la demandada, la corte municipal dictó resolución decretando la anotación preventiva del derecho que demanda la parte actora, y disponiéndose se expidiera para ello el oportuno mandamiento por duplicado al registrador de la propiedad del partido. En la expresada certificación se consigna la descripción de la finca sobre la que se ha constituído la fianza hipotecaria.

Esa certificación fué devuelta por el registrador al interesado con la siguiente nota:

"Denegada la anotación del precedente documento por el defecto insubsanable de falta de competencia de la corte municipal, toda vez que en la acción entablada, el resultado es la tramitación de una declaratoria de herederos que compete a la corte de distrito; y tomada en su lugar anotación preventiva por 120 días al folio 228 vuelto del tomo 27 de Ponce, finca número 1363, anotación letra B."

Interpuesto en tiempo oportuno por Blas Ferraioli Florenzano recurso gubernativo contra esa calificación, se nos pide su revocación alegando que la corte municipal tiene com-

petencia para obligar a la demandada Ceferina Estrada a
formalizar ante la corte de distrito competente la declara-
toria de herederos de que se hace mención en la demanda;
y además porque el registrador de la propiedad carece de
facultades dentro de la ley para examinar los fundamentos
de las resoluciones judiciales y para apoyarse en la aprecia-
ción que haga de la legalidad de su fundamentos para dene-
gar, como denegó, por falta de competencia de la Corte Muni-
cipal de Ponce, la anotación del mandamiento que le fué
librado, citando en su apoyo el caso de *Ramírez* v. *El Regis-
trador de la Propiedad*, 16 D. P. R., 348.

Examinando primero la última de estas cuestiones, tene-
mos que llegar a la conclusión de que tanto el caso citado
por el recurrente como los de *Fernández* v. *El Registrador
de la Propiedad*, 17 D. P. R., 1062, y el de *Orcasitas* v. *El
Registrador de la Propiedad*, 20 D. P. R., 37, claramente
sostienen la doctrina de que, de acuerdo con el artículo 18
de la Ley Hipotecaria, los registradores de la propiedad
están facultados para calificar si las resoluciones judiciales
que se le presentan para surtir efecto en el registro han sido
dictadas con la necesaria competencia. El registrador recu-
rrido no negó en este caso la anotación porque fuera inde-
bidamente decretada y por tanto no se fundó en examen
alguno de los fundamentos de la resolución, sino que su nega-
tiva se basa en que la corte carece de competencia para cono-
cer del pleito en que la resolución recayó, y para ello está
autorizado según acabamos de decir.

Sentado esto, pasemos a considerar si la corte tiene com-
petencia para conocer del pleito que originó el mandamiento
que es objeto de este recurso.

Según se desprende del expresado mandamiento, que en
lo sustancial hemos transcrito al principio, el objeto de la
acción es que se obligue a la demandada a que promueva
ante el tribunal competente una declaratoria de herederos
para que el demandante pueda inscribir a su nombre el dere-
cho que dice tener sobre la mitad proindivisa del solar y

casa, derecho que parece emanar de una fianza hipotecaria de $500. Siendo este el objeto de la acción, tenemos que llegar con el registrador a la conclusión de que la materia en controversia está fuera de la jurisdicción de la corte municipal que expidió el mandamiento, ya que la sección 4ª. de la Ley de Marzo 10, 1904, página 95, define la jurisdicción de las cortes municipales en la siguiente forma:

"Sección 4a.—A excepción de lo que se determina más adelante en la presente ley, el juez municipal creado por la presente, ejercerá todas las funciones que actualmente corresponden a los jueces de paz y jueces municipales. Tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive;  *  *  *."

Tal como está redactada esta ley es indudable que las cortes municipales únicamente tienen jurisdicción en materia civil para conocer de cuestiones cuya controversia sea susceptible de ser tasada y resuelta en dinero, con tal que esa cantidad no exceda de $500, incluyendo los intereses; y como en este caso el objeto del pleito no versa sobre cantidad alguna, sino que se persigue una sentencia que condene a la demandada a tramitar una declaratoria de herederos, es claro que la corte no tiene jurisdicción para conocer de ese caso, ni por tanto para expedir el mandamiento que libró, ya que la acción entablada no es susceptible de tasación.

Por las razones expuestas la nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.