POUPART ET AL., DEMANDANTES Y APELADOS, *v.* RECURT ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de actuaciones y reivindicación.

No. 1655.—Resuelto en julio 26, 1917.

SENTENCIAS — CORTES MUNICIPALES — JURISDICCIÓN — PRESUNCIÓN DE JURISDICCIÓN.—La sentencia de una corte municipal, no siendo esta corte de récord, no lleva consigo presunción alguna de jurisdicción, y por lo tanto, aun cuando se ataque colateralmente, le corresponde a la persona que deriva su reclamación de la misma demostrar la jurisdicción. Si de la sentencia no aparece la jurisdicción puede probarse *aliunde.*

ID.—ID.—REIVINDICACIÓN—VALOR DE LA PROPIEDAD.—Teniendo las cortes municipales jurisdicción solamente hasta la suma de quinientos dólares, un demandante que litiga para recobrar propiedad real debe mostrar afirmativamente que el valor del terreno que trata de reivindicar no excede de dicha suma, sin que el mero hecho de que la finca fuese vendida en ejecución de sentencia a un único postor por una cantidad menor de quinientos dólares constituya prueba de su valor.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Juan B. Huyke* y *Francisco González.*

Abogado de los apelados: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelados entablaron un pleito en la Corte Municipal de Humacao, con el propósito de reivindicar cierta parcela de terreno pero alegaron previamente y solicitaron la declaración de determinadas nulidades. La declaración de estas nulidades se solicitó por razón de la supuesta falta de jurisdicción de la Corte Municipal de Humacao en otro pleito anterior, habiendo los apelantes alegado título por razón de la sentencia, ejecución y venta verificados en dicho pleito anterior, radicado bajo el número 46. Se dictó sentencia en favor de los apelados en la Corte Municipal de Humacao y en la apelación se dictó sustancialmente la misma sentencia por la Corte de Distrito de Humacao.

Luis Recut inició el pleito No. 46 contra la Sucesión Poupart en cobro de la suma de $490. Obtuvo sentencia a su favor, pero la teoría de los apelados consiste en que la corte municipal carecía de jurisdicción por razón de haber dejado de citar debidamente a los menores herederos, que eran los miembros principales de la dicha sucesión.

Los apelantes sostuvieron al principio que la sentencia de la corte de distrito era errónea porque Recurt no fué citado, y que él era una parte necesaria en el asunto. Los apelados alegan que siendo el pleito uno de reivindicación Recurt no es una parte necesaria en el mismo. Suponemos que la idea concebida era la de que Recurt no era una parte en la corte municipal, pues el récord nada dice en este respecto. Los apelados parecen estar dispuestos a admitir que no se le hizo parte, pero, basados en la teoría de que este es un pleito de reivindicación, según sostienen los citados apelados, no creemos que Recurt fuese una parte necesaria en el asunto. Es de presumirse que se le pagó el montante de su deuda cuando se vendió la propiedad, y él no quedaría directamente afectado por la sentencia de este caso.

Se ha establecido perfectamente que la sentencia de una

corte municipal, no siendo ésta de récord, no lleva consigo presunción alguna de jurisdicción, y por tanto, aun cuando se ataque colateralmente una sentencia, le corresponde a la persona que deriva su reclamación de la misma demostrar la jurisdicción de una corte que no es de récord, como la corte municipal en este caso. *Galpin* v. *Page,* 98 Wall 365; *Grignon* v. *Astor,* 2 Hov. 319; *Vázquez* v. *El Registrador,* 19 D. P. R. 1133 y casos citados; 11 Cyc., 693. Si de la sentencia no aparece la jurisdicción, puede probarse *aliunde.* El apelante, sin embargo, siguiendo esta teoría de la jurisdicción, sostiene que no se demostró que la corte municipal, en el mismo caso que ante nosotros pende, tuviese jurisdicción. La necesidad de demostrar la jurisdicción al atacar directamente una sentencia es aún más fuerte que al atacarla colateralmente. Las cortes municipales sólo tienen jurisdicción hasta la suma de $500, y un demandante que litiga para recobrar la propiedad real debe mostrar afirmativamente que el terreno que se trata de reivindicar vale $500 o menos. En los Estados Unidos las cortes que no son de récord generalmente carecen de jurisdicción en pleitos de reivindicación, (*ejectment*). En Puerto Rico las cortes municipales sólo tienen jurisdicción cuando la cuantía no excede de $500; por lo tanto era necesario probar lo que se alegó en la demanda, es decir, que la propiedad que se trataba de reivindicar caía dentro de los límites de dicha cuantía. La única prueba en este caso fué la de que la propiedad se vendió en abril de 1905 al apelante Antonio Abad Agosto por la suma de $490, habiendo sido él el único postor, lo que no constituye prueba del valor de la propiedad hoy; y dudamos de si la venta por la ameritada suma de $490, en los procedimientos de ejecución, prueba el valor que tenía entonces. Aparte de la constancia que aparece en el récord de la corte municipal en el pleito No. 46, y de la que aparece en la escritura del notario otorgada con arreglo a la venta del márshal, no existe otra prueba respecto al valor de la finca. Si los apelados en la corte inferior

hubieran en alguna oportunidad aclarado que intentaban demostrar que la propiedad valía $500 o menos, los apelantes hubieran podido ofrecer prueba para demostrar que la misma valía mucho más.   Esta cuestión no ha sido plenamente discutida ante nosotros, y si los apelados creen que ellos pueden sostener la sentencia, estaremos dispuestos a considerar una moción de reconsideración.   Por lo que podemos ver ahora, la sentencia de la Corte de Distrito tendrá que revocarse y dictarse otra en favor de los apelantes por falta de jurisdicción de la corte municipal, en la que se inició el pleito.

Nosotros decimos, "si los apelados creen que ellos pueden sostener la sentencia."   Otra de las dudas que tenemos es la siguiente: a despecho de la contención planteada por los apelados en contrario, estamos persuadidos de que los apelantes adquirieron todo el interés que tenía Concepción Poupart, y ella era una de los primitivos menores herederos. La escritura que ella les pasó era algo más que una ratificación; era una cesión de todos los derechos en favor de ellos— un impedimento (estoppel), en lo que a ella respecta, por su participación en la propiedad—y ella tenía derecho a una fracción proindivisa.   Por tanto la cuestión es de si procedería la reivindicación puesto que sus cesionarios de todos modos son condueños con sus hermanos y hermanas.

Sobre la cuestión principal nos inclinamos a convenir con los apelantes que en el caso No. 46 de la corte municipal no se demostró la jurisdicción, pero no sin una duda de consideración.   En este caso se perdieron los autos de la corte municipal.   El secretario tenía un libro demostrativo de que se había radicado una contestación, aunque desde luego desconocemos la naturaleza de la misma, la cual pudiera haber sido la contestación de la viuda sola, la que, según se admite, fué emplazada.   A los apelantes le abona el que en la escritura del notario en favor del comprador se menciona la regularidad de los procedimientos en el caso No. 46 de la corte municipal.

La sentencia debe revocarse y registrarse otra en favor de los apelantes por falta de jurisdicción de la corte municipal.

> *Revocada la sentencia apelada y dictada otra declarando sin lugar la demanda por falta de jurisdicción de la corte municipal.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.