OSCAR F. BRAVO, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. CHARLES E. FOOTE, JUEZ, demandado.

No. 497.—*Visto:* Noviembre 16, 1925. *Resuelto:* Diciembre 21, 1925.

CORTES—CORTES DE JURISDICCIÓN INFERIOR Y LIMITADA—CORTES MUNICIPALES—PROCEDIMIENTOS ESPECIALES.—El procedimiento fijado por la Ley No. 10 de 1921 (p. 113) no está limitado a todo caso civil que nazca de un contrato sobre cobro de dinero, si que también comprende toda acción en que el demandante pida una sentencia que condene al demandado a pagar una suma de dinero o cantidad en dinero, ya nazca la acción de un contrato o un *cuasi contrato.*

CERTIORARI para revisar sentencia de *Charles E. Foote,* J. (Mayagüez), desestimando la demanda. *Anulada la sentencia.*

*José Sabater,* abogado del peticionario; la parte demandada no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Está envuelta en este caso la interpretación de la ley No. 10 de 1921 (p. 113) estableciendo juicios especiales en las cortes municipales de la Isla.

El peticionario, acogiéndose a los trámites de dicha ley, entabló una demanda titulada en cobro de dinero en la Corte Municipal de Mayagüez, contra Juan Carlo Ramírez reclamando la suma de setenta dólares en pago de los daños y perjuicios que sufriera por haber un truck del demandado, guiado negligentemente, roto a un buey del demandante el chifle derecho.

El demandado solicitó la nulidad del procedimiento por tratarse de una acción sobre indemnización y no sobre cobro de dinero. Falló de conformidad la corte. Apeló el demandante para ante la corte de distrito que resolvió el

caso de igual modo, y entonces interpuso el presente recurso
de *certiorari.*

El demandado en el pleito no ha comparecido. Las re-
soluciones de la corte municipal y de la corte de distrito no
están fundadas. Sólo está ante nosotros el alegato del pe-
ticionario.

La Ley No. 10 de 1921 de que se trata se titula "Ley
estableciendo juicios especiales en las cortes municipales de
Puerto Rico, y para otros fines," y su sec. 1 dice:

"En todo caso civil sobre cobro de dinero que envuelva una suma
no mayor de cien (100) dólares, o concerniente a contrato de apar-
cería que entrañe una cuantía que no exceda de cien (100) dólares,
el demandante podrá presentar un simple escrito de demanda a la
corte municipal que tenga jurisdicción sobre el asunto, y el juez de
la misma dictará una orden citando a las partes interesadas con co-
pia de dicha demanda, para una comparecencia que deberá celebrarse
dentro de tres días después de la citación. Si el demandado resi-
diere dentro del distrito municipal y dentro de seis días en los de-
más casos. Si el demandado residiere fuera de Puerto Rico, se hará
su citación por edictos de acuerdo con el Código de Enjuiciamiento
Civil, y el juicio deberá celebrarse dentro de los cinco días siguien-
tes a la publicación del último edicto."

Las razones del peticionario se exponen en los siguientes
párrafos de su alegato:

"Hay que tener en cuenta que el nuevo sistema de enjuiciar ha
abolido la distinción entre acciones en ley y pleitos en equidad y
aunque la naturaleza de la acción tiene que surgir de los hechos ale-
gados en la demanda o petición, en materia de procedimiento, es
elemental que no tenemos que designar la acción con ningún nom-
bre especial; y al decir el legislador en este caso que tratamos, que
la acción se daría en TODO CASO CIVIL EN COBRO DE DINERO QUE NO
EXCEDA DE CIEN DÓLARES, equivale a decir en toda acción en que el
demandante pida una sentencia que condene al demandado a pagar
una suma de dinero o cantidad en dinero y no otra propiedad.

     \*       \*       \*       \*       \*       \*       \*

"Parece que existe una confusión entre el término 'causa de ac-
ción' y el término 'remedio'. La causa de acción es el derecho que
ha de hacerse efectivo o el daño que debe ser compensado; el reme-

dio es el MEDIO que la ley ha provisto por el cual se hace efectivo el derecho o se compensa el daño. Cyc. Vol. 1, pág. 643.

"La Legislatura de Puerto Rico, estableció por la Ley No. 10 de 1921, un procedimiento, un medio, de *'cobrar'* en *'todo caso civil'* DINERO, cuando el montante de lo que se reclama no excede de $100.00; y nada dijo sobre la clase de 'causa de acción' a que es aplicable esa ley de procedimiento o de remedio."

Aunque fácilmente se percibe que no está desprovista de fundamento la interpretación estricta de la corte de distrito, creemos que debe prevalecer la amplia que sostiene el recurrente.

La ley dice: "todo caso civil sobre cobro de dinero que envuelva una suma no mayor de cien dólares." Consultando el viejo Diccionario Razonado de Legislación y Jurisprudencia de Escriche, no se encuentra epígrafe alguno que diga: *cobro de dinero.* Sobre *acción* tiene escritas veinte y una páginas y entre las veinte y seis diferentes *acciones* que estudia, no figura ninguna clasificada como *cobro de dinero.* Al tratar sobre *acción civil* y *acción criminal* en general, en parte, expresa: "La acción civil nace del derecho en la cosa y de las mismas fuentes que la obligación, esto es, no sólo de los contratos, pactos, deliberados y de la ley, sino también de los delitos y cuasi delitos; la acción criminal nace sólo de los delitos." Las palabras *cobro de dinero* usadas por el legislador deben interpretarse en relación con estas otras: *todo caso civil,* que las preceden. Y si estimamos que *todo caso civil* se ha usado en el sentido de *toda acción civil,* tendremos que concluir que el procedimiento que se fija no está limitado a todo caso civil en cobro de dinero procedente, por ejemplo, de un pagaré, de una cuenta corriente liquidada o de una deuda reconocida, si que también comprende un caso civil en cobro de dinero por daños ocasionados a la persona o a la propiedad. Si la ley hubiera dicho: "en todo caso civil que nazca de un contrato sobre cobro de dinero," nuestra conclusión sería distinta.

El texto inglés de la ley es como sigue: *"In all civil*

*cases to recover money involving an amount not greater than one hundred dollars. . . . .*'' Y en la obra *Words & Phrases Judicially Defined,* vol. I, página 143, encontramos la siguiente cita:

"Las palabras 'cobro de dinero', como se emplean en los estatutos que autorizan un embargo en un caso sobre cobro de dinero, comprenden una acción por daños así como una fundada en un contrato. Una acción por acometimiento y agresión es tanto una en cobro de dinero como la que se establece por incumplimiento de un contrato, y la suma reclamada, y los fundamentos de ella pueden asimismo ser expresados en el caso anterior y con tanta certeza como puede serlo la reclamación por daños y perjuicios no liquidados en la segunda. *Floyd* v. *Blake* (N.Y.) 11 Abb. Prac. 349, 351."

Aunque se trata de un caso que envuelve una pequeña suma de dinero, es importante porque interpreta una ley aplicada anualmente a la decisión de cientos de casos en las cortes municipales de la Isla, y hubiéramos deseado tener el beneficio de una discusión completa entre las partes. La historia de la jurisprudencia americana demuestra la parte esencialísima que en su formación ha tenido la labor de los abogados. Si cada parte agota la ley, la jurisprudencia, el raciocinio al discutir cada lado de la cuestión envuelta, la labor de la Corte de apelación se simplifica y puede realizarse a todas luces más a conciencia y con más seguridad de acierto.

Ya que de la Ley No. 10, de 1921 tratamos, deseamos consignar que en el texto inglés las palabras castellanas "o concerniente a contrato de aparcería," figuran así *"or concerning a partnership contract."* El texto inglés es demasiado general. Aparcería, según la misma vieja autoridad que antes citamos, Escriche, es: "El trato o convenio de los que van a la parte en alguna granjería, principalmente en administración de tierras y cría de ganados. Si el dueño de un campo, v. gr., lo da en arriendo al colono, no **por** una retribución en dinero, sino por una parte de los **frutos** que se cojan, y no por una parte alicuanta que con-

siste en cierta medida determinada, como diez fanegas o arrobas, sino por una parte alícuota, como la mitad, la tercera o la cuarta, entonces hay aparcería, que viene a ser una especie de compañía o sociedad, pues el uno pone la cosa y el otro la industria, con objeto de tener una ganancia común.'' Escriche. Diccionario de Legislación, vol. I, página 569. Se trata, pues, de cierta especie de sociedad, pero no de las sociedades todas como resulta del texto inglés.

*Por todo lo expuesto, debe anularse la sentencia recurrida devolviéndose el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.