ANTONIO LEBRÓN, demandante y apelante, *v.* F. FRESNO & Co., S. EN C., y JOSÉ FUENTES VALLE, demandados y apelados.

No. 3946.—*Visto:* Junio 21, 1926. *Resuelto:* Julio 9, 1926.

1. CORTES—NATURALEZA, EXTENSIÓN Y EJERCICIO DE LA JURISDICCIÓN EN GENERAL—NECESIDAD DE QUE LA JURISDICCIÓN APAREZCA DE LOS AUTOS—CORTES DE JURISDICCIÓN LIMITADA—CORTES MUNICIPALES.—Tratándose de una corte municipal, su facultad para conocer de un litigio no se presume; debe aparecer de los autos.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE JURISDICCIÓN DEL TRIBUNAL DE APELACIÓN—CASO ORIGINADO EN LA CORTE MUNICIPAL—CUANTÍA JURISDICCIONAL QUE APARECE DE LOS AUTOS DE APELACIÓN.—En este caso—tercería de bienes inmuebles—se interesó la desestimación del recurso porque habiéndose originado en la corte municipal, no aparecía que su cuantía fuera superior a $300. *Se resolvió:* declarar sin lugar la moción porque si bien no se alegó el valor de la finca reclamada en la demanda, se contestó ésta sin levantarse cuestión alguna por razón de la cuantía, y practicada la prueba, de ella surgía que el valor, no impugnado, de la finca era de $400.

MOCIÓN sobre desestimación de apelación presentada por los apelados. *No ha lugar.*

*F. Gallardo Díaz,* y *L. Pereyó Jr.,* abogados del apelante; *González Fagundo & González Jr.,* abogados de los apelados.

EL, JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso establecido en este caso porque tratándose de un pleito decidido en apelación por la corte de distrito no se demuestra que su cuantía sea superior a trescientos dólares.

La parte apelante se opone alegando que si bien en la demanda no se alegó el valor de la casa reclamada, de la prueba transcrita en la exposición del caso, archivada ya debidamente, aparece que dicho valor es el de cuatrocientos dólares, y, en tal virtud, que surge de los autos mismos la jurisdicción de este tribunal.

Muestran los autos que en la Corte Municipal de Yabucoa, F. Fresno y Co. entablaron demanda contra José Fuentes Valle y embargaron una casa. Así las cosas Antonio Lebrón estableció la demanda de tercería origen de este litigio en la indicada corte municipal alegando que la casa embargada le pertenecía por haberla comprado a Fuentes, sin fijar expresamente el valor de la casa.

Los demandados en la tercería, F. Fresno y Co., contestaron sin levantar cuestión alguna de jurisdicción. Se practicó la prueba y el caso fué decidido en favor del tercerista.

No conforme F. Fresno y Co. apelaron para ante la Corte de Distrito de Humacao. Se llamó el caso para verse de nuevo. Se leyeron las alegaciones y se practicó la prueba y finalmente la corte de distrito dictó sentencia declarando sin lugar la demanda por falta de jurisdicción basándose en que de la demanda no constaba la cuantía, en la sección 17 de la ley de tercería, en la decisión de esta corte en el caso de *Corujo Carrasquillo v. Corte de Distrito de Guayama*, 32 D.P.R. 961, y en otras decisiones de tribunales del continente.

El tercerista apeló y archivó la transcripción de los autos. Ya hemos dicho que el apelado solicitó la desestimación del recurso.

[1, 2] No hay duda alguna que tratándose de una corte

municipal que es un tribunal de jurisdicción limitada, su facultad para conocer del litigio no se presume. Debe, por el contrario, aparecer de los autos. Dados además los términos en que está redactada la sección 17 de la ley de tercería de 1907, Comp. 1911, p. 891, si el demandado hubiera pedido la desestimación de la demanda por no alegar el valor de la casa en cuestión, necesariamente hubiera tenido que declararse la moción del demandado con lugar con permiso seguramente al demandante para enmendar su demanda.

Pero habiendo contestado el demandado sin levantar cuestión alguna de jurisdicción por razón de la cuantía y habiéndose practicado la prueba y surgiendo de ésta que el valor de la casa es de cuatrocientos dólares, la situación varía.

Nuestra decisión en el caso de *Corujo, supra,* se basó en que la cuantía no constaba de los autos y aquí de los autos consta que la casa de que se trata fué comprada en cuatrocientos dólares que debe presumirse que es su justo valor en ausencia de impugnación alguna por la parte contraria.

Véase 15 C. J. 750 y siguientes.

Aunque nos hemos visto obligados a tratar quizá los méritos de la apelación, nuestra decisión está sólo limitada a la desestimación del recurso, pudiendo las partes tratar la cuestión con mayor amplitud en la vista que al efecto se celebre.

*No ha lugar a desestimar la apelación interpuesta.*