ANTONIO LEBRÓN, demandante y apelante, *v.* F. FRESNO Y Co., S. EN C., y JOSÉ FUENTES VALLE, demandados y apelados.

No. 3946.—*Visto:* Febrero 11, 1927. *Resuelto:* Abril 5, 1927.

EMBARGOS—RECLAMACIONES DE TERCERAS PERSONAS — TERCERÍAS—APELACIÓN— JURISDICCIÓN APELATIVA—CORTES DE DISTRITO—APELACIONES DE LAS CORTES MUNICIPALES.—En acción de tercería en que no se alegue el valor de la finca reclamada, cuando la prueba demuestra que dicho valor es de $400 la corte de distrito tiene jurisdicción apelativa para conocer del mismo.

SENTENCIA de *Gabriel Castejón, J.* (Humacao), declarando sin lugar la demanda, con costas. *Revocada y devuelto el caso.*

*Fernando Gallardo,* abogado del apelante; *González Fagundo & González, Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción de tercería sobre propiedad inmueble que se originó en la Corte Municipal de Yabucoa. Habiendo apelado la demandada F. Fresno & Co., S. en C., de la sentencia de la corte municipal que declaró con lugar la demanda, la corte inferior celebró el juicio *de novo* y después de oída toda la prueba, declaró sin lugar la demanda por el solo fundamento de no haberse alegado en la demanda el valor del inmueble en litigio.

No conforme el tercerista apeló de la sentencia y una

vez elevados los autos ante nos, la apelada presentó una moción solicitando la desestimación del recurso porque no alegándose en la demanda el valor de la cosa reclamada, la sentencia no tenía cuantía y la misma no era apelable por no exceder de $300. Esta Corte Suprema declaró sin lugar la moción (*Lebrón v. Fresno & Co., S. en C., et al.*, 35 D.P. R. 700), y en el curso de la opinión, discutiéndose la cuestión planteada por la apelada en relación con la falta de jurisdicción, se declaró lo siguiente:

"No hay duda alguna que tratándose de una Corte Municipal que es un tribunal de jurisdicción limitada, su facultad para conocer del litigio no se presume. Debe, por el contrario, aparecer de los autos. Dados además los términos en que está redactada la sección 17 de la ley de tercería de 1907, Com. 1911, p. 891, si el demandado hubiera pedido la desestimación de la demanda por no alegar el valor de la casa en cuestión, necesariamente hubiera tenido que declararse la moción del demandado con lugar con permiso seguramente al demandante para enmendar su demanda.

"Pero habiendo contestado el demandado sin levantar cuestión alguna de jurisdicción por razón de la cuantía y habiéndose practicado la prueba y surgiendo de ésta que el valor de la casa es de cuatrocientos dólares, la situación varía.

"Nuestra decisión en el caso de *Corujo, supra,* se basó en que la cuantía no constaba de los autos y aquí de los autos consta que la casa de que se trata fué comprada en cuatrocientos dólares que debe presumirse que es su justo valor en ausencia de impugnación alguna por la parte contraria.

"Véase 15 C. J. 750 y siguientes."

La apelada admite que la cuestión quedó prejuzgada al resolverse la moción sobre desestimación, pero dicha parte insiste ampliando su argumentación, toda vez que al resolver dicha moción se reservaba, no obstante, a las partes su derecho a tratar la cuestión de jurisdicción al celebrarse la vista del caso en su fondo. Y ahora arguye la apelada en su alegato que en las reclamaciones ante las cortes municipales la jurisdicción debe aparecer así de las alegaciones y no de la prueba. A este fin cita el caso de *Poupart et al.*

v. *Recurt et al.,* 25 D.P.R. 716, y sostiene que entre este
caso y el presente existe una gran semejanza. La analogía
se trata de establecer porque en el caso de *Poupart, supra,*
el valor de la propiedad reclamada se hacía depender de
la escritura de adquisición, única prueba de la cual resul-
taba que dicha propiedad había sido comprada en $490 y
no se consideró por esta corte esta suma como prueba del
valor, lo mismo al tiempo de la adquisición que en la fe-
cha del pleito. En el presente caso, sin embargo, al pre-
sentarse la escritura en virtud de la cual José Fuentes Va-
lle vendió al tercerista Lebrón la finca objeto del pleito, se
alude a que se le daba un valor de $400. Hubiera sido el
momento oportuno para la apelada de aclarar si la escri-
tura se presentaba únicamente para demostrar el tercerista
su título de adquisición, o si tendía a establecer también el
valor del inmueble. No hubo objeción alguna en tal sen-
tido. Pero aún si se entendiera que dicha escritura no
tuvo más objeto que establecer el título del tercerista, éste
declaró diciendo que la propiedad tenía un valor de $400.
También la apelada alega que el tercerista quiso referirse
al precio de adquisición y no al valor actual de la misma.
Sin embargo, el tercerista después de hablar que compró la
finca a José Fuentes Valle por precio de $400, acabó por
decir que la misma tenía un valor de $400. Es cierto que
en esto se refirió al precio de venta, pero tampoco podía
sostenerse que no tomase como base tal precio para dejar
establecido el valor actual del inmueble. La apelada tuvo
otra oportunidad para esclarecer si no fué lo último la in-
tención del tercerista, y por lo demás no hubo objeción a
sus manifestaciones.

La apelada, por otra parte, presentó una certificación
del Tesorero de Puerto Rico de donde se desprende que la
propiedad fué declarada en $400 a los fines contributivos.
Aun cuando este documento tuvo por único objeto tratar
de establecer que la propiedad no había sido declarada por

el tercerista y que el vendedor José Fuentes Valle era el
que pagaba las contribuciones, de todos modos el valor que
se le daba en planilla, aunque no fuera terminante de su
valor actual, de un modo incidental no contradecía *prima
facie* la prueba del apelante y más bien sostiene la jurisdic-
ción original de la Corte Municipal.

Ahora bien, como la corte inferior se declaró sin juris-
dicción por la falta de alegaciones en la demanda que mos-
traran afirmativamente la de la Corte Municipal de Yabu-
coa, sin resolver sobre los méritos del asunto, *debemos re-
vocar la sentencia y devolver el caso para ulteriores proce-
dimientos no inconsistentes con esta opinión.*