PETRONA PAGÁN, demandante y apelante, *v.* F. FRESNO & Co.,
S. EN C., y JOSÉ FUENTES VALLE, demandados y apelados.

No. 3947.—*Visto:* Febrero 11, 1927. *Resuelto:* Abril 5, 1927.

EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍAS—DE LA SEN-
TENCIA—SENTENCIA SOBRE LAS ALEGACIONES.—Cuando una demanda jurada
contiene entre otras, alegación que solo comprende el hecho esencial de que
el tercerista es dueño de la propiedad reclamada, una negación, en contes-
tación jurada, de dicho hecho, cumple con el estatuto y no procede dictar
sentencia sobre las alegaciones.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), declarando sin lugar
la demanda, con costas. *Revocada y devuelto el caso.*

*Fernando Gallardo,* abogado de la apelante; *González Fagundo &
González, Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Las circunstancias que concurren en el presente caso
son más o menos análogas a las del No. 3946 que hoy he-
mos resuelto. Es una tercería que surge como consecuen-
cia del pleito que en cobro de dinero había entablado *F.
Fresno & Co., S. en C., v. José Fuentes Valle.* Entre otros
bienes, se embargó una propiedad que la tercerista Petrona

Pagán reclama como suya. La acción de tercería se inició
en la Corte Municipal de Yabucoa. Obtuvo sentencia a su
favor la tercerista y la mercantil demandada apeló a la
Corte de Distrito de Humacao, la cual se declaró sin juris-
dicción por no alegarse en la demanda el valor de la cosa
reclamada. De esta sentencia la tercerista estableció el
presente recurso. Una vez elevados los autos, la apelada
presentó una moción solicitando la desestimación por no apa-
recer de la demanda y como consecuencia de la sentencia,
que el valor de la propiedad en litigio excediese de $300.

La moción fué resuelta en julio 9, 1926, en sentido ad-
verso a la apelada, por considerarse la cuestión resuelta
igual a la que fué objeto en *Lebrón* v. *F. Fresno & Co., S.
en C., et al.,* 35 D.P.R. 700.

Existe, sin embargo, una circunstancia que hay que con-
siderar y es que el apelante hace otro señalamiento de
error refiriéndose a que la corte inferior erró al no dictar
sentencia por las alegaciones.

Se funda el apelante en que la demanda fué jurada y
en la contestación no se niega específicamente la segunda
alegación, que comprende varios hechos; entre ellos que la
demandante es dueña del inmueble que reclama. Sin em-
bargo, la alegación segunda sólo comprende el hecho esencial
de que la tercerista es dueña de la propiedad. Lo demás
que se dice son derivaciones del mismo hecho, como lo es la
fecha en que se otorgó la escritura de venta de la finca y la
descripción de la misma. La contestación fué jurada y la
negación rotunda que hace la demandada bajo juramento
del hecho esencial alegado, cumple con el estatuto. Este
error no existe, pero por las otras razones que se refieren
a la cuestión de jurisdicción, *debe revocarse la sentencia y
devolverse el caso para ulteriores procedimientos no incon-
sistentes con esta opinión.*