RAMÓN COLÓN CABALLERO, recurrente, *v*. EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, recurrido.

No. 721.—*Sometido:* Mayo 3, 1928. *Resuelto:* Julio 23, 1928.

*José E. Díaz,* abogado del recurrente; el registrador recurrido, no compareció.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

654

Ante el notario don José E. Díaz, en Manatí, y en fecha 25 de enero de 1928, se otorgó una escritura de venta judicial, en la que, de una parte compareció el Márshal de la Corté Municipal de Manatí, como vendedor, y de otra parte don Ramón Colón Caballero. De la exposición en la escritura aparece que ante la Corte Municipal de Manatí, Ramón Colón Caballero siguió un pleito contra la Sucesión de José Concepción Vélez, compuesta de su viuda Juana Rodríguez y sus hijos María, Laureana, Antonio, Victoriana, Jacinta, Jovino, Antonia y Claudio Vélez Rodríguez, y Nazario, Lina, Eladio y Basilisa Agosto Vélez, pidiéndose al tribunal una sentencia que ordenara a los demandados el otorgamiento de escritura de venta de una finca rústica de 23 cuerdas de terreno en el Barrio de Río Arriba, en Manatí, y cuya finca se describe en la escritura; que José Concepción Vélez y su esposa habían vendido a Ramón Colón Caballero dicha finca, por precio de quinientos dollars, obligándose a otorgar la escritura de compraventa, pero falleció inesperadamente José Concepción Vélez, sin otorgarla, y la sucesión no lo hizo tampoco, a pesar de haber sido requerida, por lo que se presentó la aludida demanda, emplazándose a los demandados, que no comparecieron, por lo que se anotó su rebeldía, y señalado y visto el caso, la Corte Municipal de Manatí dictó sentencia ordenando a los demandados el otorgamiento de la escritura, y a que de no hacerlo los demandados, la otorgase el márshal de la corte por ellos; y librada la orden, que se copia, para que el márshal otorgue la escritura, se procedió a ello, y el dicho funcionario la otorgó, realizando la venta de la finca en el ya citado precio. El registrador denegó la inscripción fundado en que la Corte Municipal de Manatí no tiene jurisdicción para ordenar el otorgamiento de escritura en el citado pleito por no envolver el mismo reclamación alguna de dinero; por no acreditarse que los demandados sean los únicos herederos de Vélez, ni sus circunstancias personales para acreditar si hay menores de edad.

Contra esta nota se ha interpuesto el presente recurso,

fundado en que la interpretación de las palabras *"cobro de dinero"* es errónea puesto que ellas comprenden toda acción por daños y la fundada en contrato, según el caso *Floyd* v. *Blake*, N. Y. 11, y el caso *Bravo* v. *Corte de Distrito*, 34 D. P.R. 792; y en cuanto al segundo motivo de denegación se cita el caso *Coy* v. *Registrador*, 22 D.P.R. 432.

La decisión en el caso *Bravo* v. *Corte de Distrito* in terpreta la ley No. 10 de 1921, y da el sentido de la frase "todo caso civil sobre cobro de dinero que envuelva una suma no mayor de cien dólares." Se copia en esa decisión el texto inglés del artículo, y la decisión es en el sentido de que la ley comprende, no sólo los casos de cobro de cantidad por razón de contrato, sino también los de cobro de dinero por daños a la persona o a la propiedad.

En cuanto al caso *Coy* v. *Registrador*, que antes anotamos, se ha citado en relación con la segunda parte de la nota denegatoria; y no vemos la partidad en los hechos de este caso y los del ahora sometido a nuestra decisión. En el de *Coy* v. *Registrador* hay una sucesión que voluntariamente otorga una escritura de compraventa, y luego otra escritura en la que tres de los interesados, actuando como herederos de una hermana suya reconocen que esta hermana había vendido su participación a ciertas personas, diez y seis años antes de la fecha en que se hace tal reconocimiento. Y en cuanto a esta participación recayó la nota denegatoria, contra la que se entabló el recurso.

Las declaraciones de este tribunal acerca de la jurisdicción de las cortes municipales en cierta clase de pleitos son terminantes.

En la decisión en el caso *García* v. *Registrador*, 23 D.P.R. 426, dijo el tribunal que una venta hecha por un márshal en una acción contra menores en reclamación de una cantidad confería jurisdicción a la corte para que se otorgase la venta en cumplimiento de su sentencia dictada contra los menores, pero una acción para que se obligara a los menores a otorgar una escritura era algo que incumbía sólo a la corte de distrito.

Es cierto que la razón fundamental se halla en este caso en que la falta de jurisdicción de la corte municipal es manifiesta, y que el legislador ha decidido que a las cortes de distrito corresponde la alta inspección de la persona y bienes de los menores.

En el caso *Ferraioli* v. *Registrador*, 21 D.P.R. 503, se declaró que persiguiéndose por medio de la acción que la corte dicte una sentencia condenando a la demandada a tramitar una declaratoria de herederos, la corte municipal no tenía jurisdicción.

La doctrina en el caso *Agueros* v. *Registrador*, 28 D.P.R. 268, sostiene la falta de jurisdicción de las cortes municipales para conocer de pleitos contra menores de edad en los que se reclama el otorgamiento de una escritura de venta de finca.

■ Es de importancia aquí el concepto de "limitada" que a la jurisdicción de las cortes municipales debe asignarse. La limitación de esa jurisdicción aparece del artículo o sección 4 de la ley relativa a las cortes municipales, cuya sección aparece bajo el número 1173 de la Compilación de 1911, página 265 del tomo. Por ella se da jurisdicción a las cortes municipales en los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive. Parece claro que esa jurisdicción se confiere por y para cantidades o sumas en dinero, ya que se habla de intereses, y el concepto de intereses no puede referirse a otra clase de bienes que al dinero, único que los produce. Comentando el artículo 355 del Código Civil Español, del que es copia el 362 de nuestro código, ha dicho el comentarista Scaevola:

"Los réditos del dinero están considerados como frutos civiles, según la letra y el espíritu del apartado tercero que estamos comentando. En él se menciona 'el importe de las rentas perpetuas, vitalicias u otras análogas.' Los diferentes casos y formas de interés del dinero no incluidos en dichos primeros términos se comprenderán entre los que ha tratado de prever la frase 'u otras análogas,'

refiriéndose a rentas, porque esta palabra, en sentido genérico, expresa las muy variadas maneras con que el capital produce.'' Scaevola, Código Civil, tomo 6, pág. 278.

En lo que afecta a precedentes en esta materia, conviene decir que en el código de Procedimiento Civil de California, aparece una sección, la 76, adicionada por enmienda de 1880, en la que se define y establece la jurisdicción de las cortes superiores, para todos los casos en equidad, para aquellos en que el objeto no es estimable en cantidad, para los en que se halla envuelto el título a la propiedad, o la posesión, de bienes inmuebles, o la legalidad de contribuciones o impuestos, casos de insolvencia, y otros civiles, y en los criminales por delito grave. La sección 112 del mismo código, determina la jurisdicción de las cortes inferiores, entre ellas, las llamadas ''Justices Courts,'' y en el primer apartado del artículo, se encuentra la limitación por razón de cuantía, en la forma que, traducido, dice:

''1. En acciones que nazcan de contratos para recobrar dinero solamente, si la cantidad reclamada, intereses exclusive, no llega a trescientos dollars.''

Y en lo que toca a propiedad, solamente da jurisdicción a estas cortes con respecto a la mueble, cuando su valor es inferior a trescientos dollars.

En Puerto Rico se ha declarado definitivamente que las cortes municipales son de jurisdicción limitada. En la decisión en el caso *Lebrón* v. *F. Fresno y Co.* y *José Fuente Valle*, 35 D.P.R. 700, dijo este tribunal:

''No hay duda alguna que, tratándose de una corte municipal, que es un tribunal de jurisdicción limitada, su facultad para conocer del litigio no se presume.''

Y en la decisión en *Marrero* v. *Registrador*, 32 D.P.R. 891 se dijo por este tribunal:

''Las cortes municipales lo son de jurisdicción limitada. No son cortes de récord. La jurisdicción general para conocer de los asuntos civiles en primera instancia, salvo las excepciones fijadas por la ley, corresponde a los tribunales de distrito.''

Por las razones expuestas, *debe confirmarse, y se confirma, la nota apelada.*